**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - x
                                        :

**UNITED STATES OF AMERICA**          :
                                        **S1 09 Cr. 85 (JSR)**
                                        :
          **-v.-**                      **ECF CASE**
                                        :

**MARC DREIER,**                        :

          **Defendant.**                :
- - - - - - - - - - - - - - x

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF APPLICATION FOR APPROVAL OF AGREEMENTS WITH BANKRUPTCY TRUSTEES

The Government respectfully submits this memorandum in support of its application for the entry of (1) a Coordination Agreement (attached hereto as <u>Exhibit A</u>) between the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") and the Chapter 11 Trustee for Dreier LLP, and (2) stipulations (attached hereto as <u>Exhibits B</u>, <u>C</u>, and <u>D</u>) between the USAO-SDNY and the Chapter 7 Trustee in the bankruptcy action against Marc Dreier ("Dreier").[1]

---

[1]      On or about December 30, 2008, Sheila M. Gowan, Esq. was appointed the Chapter 11 Trustee for Dreier LLP (the "Chapter 11 Trustee"), in <u>In Re Dreier LLP</u>, 08-15051 (SMB) (the "Chapter 11 Case").  On March 2, 2009, the United States Trustee designated Salvatore LaMonica, a partner at LaMonica Herbst & Maniscalco, LLP, as the Chapter 7 Trustee (the "Chapter 7 Trustee") in the bankruptcy action against Dreier, in <u>In Re Marc S. Dreier</u>, 09-10371 (SMB) (the "Chapter 7 Case").

<u>**BACKGROUND**</u>

**A.    The Preliminary Order of Forfeiture**

Dreier was indicted on January 29, 2009 on seven counts: conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371 (Count One); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count Two); and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Three through Seven).  On March 17, 2009, he was charged in a Superseding Indictment, S1 09 Cr. 84 (the "Indictment"), which added a money laundering count (Count Eight), charging a violation of 18 U.S.C. § 1956.

On May 11, 2009, Dreier pled guilty, without a plea agreement, to Counts One through Eight of the Indictment.  On July 13, 2009, he was sentenced and ordered to forfeit:

> (1)  a sum of $746,690,000 in United States currency, representing the amount of proceeds obtained as a result of the fraud offenses alleged in Counts One through Seven, as well as property involved in the money laundering offense alleged in Count Eight; and
>
> (2)  the specific properties (collectively, the "Specific Properties") listed in Schedule A of the Court's Preliminary Order of Forfeiture, dated July 13, 2009 (the "Preliminary Order of Forfeiture").

**B.   Seizure of the Untraced Artworks**

A number of restraining orders have been issued in this case, including: a temporary, <u>ex parte</u> pre-indictment restraining order, issued on or about December 24, 2008 by the Honorable Jed S. Rakoff, sitting in Part I (the "December 24, 2008 Restraining

2

Order"); a consent order (the "January 12, 2009 Restraining Order") signed on or about January 12, 2009 by the Honorable Colleen McMahon, sitting in Part I, extending the December 24, 2008 Restraining Order by 45 days; and a post-indictment restraining order signed by this Court on or about February 26, 2009 (the "February 26, 2009 Restraining Order"), extending the December 24, 2008 Restraining Order pending further order of the Court.

The January 12, 2009 and the February 26, 2009 Restraining Orders authorized the United States Marshals Service ("USMS") to take custody of, among other properties, the artworks listed as Items 1 through 95 in <u>Schedule 1</u> of the proposed Coordination Agreement. In or about February 2009, the USMS took custody of all of the artworks identified in Schedule 1 of the Coordination Agreement (collectively, the "Seized Artworks").

The Preliminary Order of Forfeiture includes approximately 159 artworks that the USMS seized pursuant to the January 12, 2009 and February 26, 2009 Restraining Orders, and which the Government was able trace to the proceeds of Dreier's offenses. The Seized Artworks are not among the 159 artworks included in the Preliminary Order of Forfeiture because, at the time of sentencing, the Government had not been able to directly trace those artworks to crime proceeds.

**C.   The Interlocutory Orders of Sale As to Real Properties**

The January 12, 2009 Restraining Order also authorized the USMS to seize and maintain custody of, among other things, the following real properties, pending the resolution of the criminal action:

> Real property and appurtenances located at 109 Dune Road, East Quogue, New York 11942 (the "109 Dune Road Property")
>
> Real property and appurtenances located at 111 Dune Road, East Quogue, New York 11942 (the "111 Dune Road Property")
>
> Any and all right, title and interest in the shares of the capital stock of Beacon Court Condominium and the proprietary lease of Unit No. 34C, located at 151 East 58th Street, New York, New York (the "151 East 58th Street Property");

(collectively, the "Subject Real Properties"). The Subject Real Properties are among the properties included in the Preliminary Order of Forfeiture.

On April 30, 2009, this Court signed a Stipulation and Order of Interlocutory Sale for 109 Dune Road (the "109 Interlocutory Order of Sale"), a Stipulation and Order of Interlocutory Sale for 111 Dune Road (the "111 Interlocutory Order of Sale"), and a Stipulation and Order of Interlocutory Sale for 151 East 58th Street (the "151 Interlocutory Order of Sale").

These Interlocutory Orders of Sale authorized the Chapter 7 Trustee to immediately move forward with the retention

4

of a broker or auctioneer to sell the Subject Real Properties. The Orders further provided that the net proceeds from the sale of the properties shall be the substitute *res* for those properties, and that, once the net proceeds have cleared the Chapter 7 Trustee's account, the net proceeds shall be delivered by the Chapter 7 Trustee to the USMS, and held in the Seized Asset Deposit Fund pending further order of the Court.

On May 14, 2009, Chief Judge Bernstein, United States Bankruptcy Judge, issued an order authorizing and scheduling a public auction sale of the Quogue Properties, and approving the bidding procedures, in <u>In Re Marc S. Dreier</u>, 09-10371-SMB. On June 16, 2009, Chief Judge Bernstein issued an order authorizing and scheduling a public auction sale of the 151 East 58th Street Property, and approving the bidding procedures.

Public auctions were held for the sale of the Quogue Properties on June 17, 2009, and for the sale of the 151 East 58th Street Property on July 21, 2009.

Chief Judge Bernstein issued orders confirming the sale of the Quogue Properties, free and clear of all liens, claims, and encumbrances, on or about June 30, 2009, and a similar order for the 151 East 58th Street Property on or about July 29, 2009.

## D.   Coordination with the Bankruptcy Trustees

On April 22, 2009, a conference was held before the Honorable Jed S. Rakoff, the Honorable Miriam Goldman Cedarbaum, and Chief Judge Stuart M. Bernstein.  The Judges advised the parties of their desire that the cooperation "that has been occurring thus far between the various parties in these various cases would continue and that the three of us would be able to coordinate fully and resolve any issues that there might be with respect to these interrelated cases."  The Panel agreed that the Government and the bankruptcy trustees should coordinate with each other.

Since the conference, the Government has actively engaged in numerous meetings with the Chapter 11 Trustee and GSO (a group of entities that purchased Dreier's fictitious notes early in the scheme and received both the initial investment and what were purported to be interest payments on the fictitious notes).

The Government has successfully reached an agreement with GSO (the "GSO Consent Order of Forfeiture," dated December 21, 2009), which is being submitted in a separate application to the Court.  As explained below, the Government has also reached an agreement with the Chapter 11 Trustee (the "Coordination Agreement"), regarding, among other things, the Seized Artworks and the Specific Properties.

In addition, the Government and the Chapter 7 Trustee have reached an agreement regarding the proceeds from the sale of the Subject Real Properties.

## The Proposed Coordination Agreement Between the USAO-SDNY and the Chapter 11 Trustee

The Government and the Chapter 11 Trustee have reached a Coordination Agreement regarding the Chapter 11 Trustee's potential claims to the Specific Properties and the GSO Consent Order of Forfeiture. Pursuant to this Agreement, the Government will request that the Court authorize the USMS to release the Seized Artworks to the Chapter 11 Trustee, and the Chapter 11 Trustee agrees not to contest forfeiture of the Specific Properties listed in the Preliminary Order of Forfeiture or the property that is the subject of the GSO Consent Order of Forfeiture. The Chapter 11 Trustee has advised the Government that the Chapter 7 Trustee has consented to the Chapter 11 Trustee taking custody of the Seized Artworks.

The Coordination Agreement provides, in pertinent part, that:

1.  The February 26, 2009 Restraining Order is hereby vacated as to the Seized Artworks. The USMS shall release the Seized Artworks to the Chapter 11 Trustee or her designated agent.

2.  Subject to paragraph 1, the Chapter 11 Trustee shall not file a petition or claim, or assist others in filing a petition or claim, or otherwise take any action to contest the forfeiture of, any of the Specific Properties.

3.    Subject to paragraph 1, the Chapter 11 Trustee shall
      not file a petition or claim, or assist others in
      filing a petition or claim, or otherwise take any
      action to contest the forfeiture of, any property that
      is the subject of the Consent Order of Forfeiture.

4.    Subject to Paragraphs 2 and 3, the USAO-SDNY shall not
      seek to forfeit or assert a right with respect to the
      proceeds of any actions seeking to avoid fraudulent
      transfers or preferences brought by the Chapter 11
      Trustee against the persons and entities identified in
      the attached <u>Schedule 2</u>.

5.    This Coordination Agreement shall not constitute a
      waiver of any right(s) that the Chapter 11 Trustee may
      have in any forfeiture proceedings to file a claim or
      petition for, or otherwise contest the forfeiture of,
      any properties that are not listed in <u>Schedule A</u> of the
      Preliminary Order of Forfeiture or in the GSO Consent
      Order of Forfeiture.

6.    This Coordination Agreement shall not constitute a
      waiver of the USAO-SDNY's right(s) to bring criminal or
      civil forfeiture proceedings against any proceeds of
      Dreier's criminal offenses that are discovered after
      the date of this Coordination Agreement, including any
      properties owned or controlled by the persons and
      entities listed in <u>Schedule 2</u>.

7.    Notwithstanding the foregoing, nothing in this
      Coordination Agreement shall be read to impair in any
      way the rights or recoveries of the United States of
      America in connection with any claims filed by the
      United States or its agencies in the Chapter 11 Case,
      or any rights of setoff under the Bankruptcy Code, all
      of which rights are explicitly reserved.

### The Proposed Stipulations Between
### the USAO-SDNY and the Chapter 7 Trustee

The Government and the Chapter 7 Trustee have also

reached agreements regarding the proceeds from the sale of the

Subject Real Properties.  Pursuant to these agreements, ten

percent (10%) of the proceeds from the sale of each property will

be distributed as part of the Chapter 7 Bankruptcy estate, and that the Chapter 7 Trustee's fees and expenses in connection with the marketing and sale of the properties will be taken from said amounts. These stipulations provide, in pertinent part, that:

1.     The Chapter 7 Trustee will remit ninety percent (90%) of the net proceeds from the sale of the Subject Real Property to the USMS. This amount shall be held as the substitute *res* for said proeprty by the USMS in the Seized Asset Deposit Fund pending further order of this Court. The remaining ten percent (10%) of net proceeds shall be retained by the Chapter 7 Bankruptcy Estate for distribution subject to approval by the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter the proposed Coordination Agreement and the three Stipulations as to the Subject Real Properties.

Dated:     December 23, 2009
           New York, New York

                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the Plaintiff
                    United States of America


           By:_____/s/_____
                    Sharon Cohen Levin
                    Anna E. Arreola
                    Jeffrey E. Alberts
                    Jonathan R. Streeter
                    Assistant United States Attorneys
                    (212) 637-1060/2218/1038/2272