UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                          :
**UNITED STATES OF AMERICA**
                                          :
   -v.-                                   :   S1 09 Cr. 85 (JSR)
                                              ECF Case
                                          :
**MARC DREIER,**
                                          :
            **Defendant.**
                                          :
-- - - - - - - - - - - - - - - - - - - - - - - - - - -  x


# GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO PAUL GARDI'S MOTION TO MODIFY THE SECOND AMENDED RESTITUTION ORDER


PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jonathan R. Streeter
Sharon Cohen Levin
Anna E. Arreola
Jeffrey E. Alberts
*Assistant United States Attorney*s

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                       :

UNITED STATES OF AMERICA               :

   -v.-                                                 :         S1 09 Cr. 85 (JSR)
                                                                   ECF Case
                                        :

MARC DREIER,
                                        :

        Defendant.
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO PAUL GARDI'S
MOTION TO MODIFY THE SECOND AMENDED RESTITUTION ORDER**

        The Government respectfully submits this memorandum of law in response to Paul Gardi's Motion to Modify the Second Amended Restitution Order. In that motion, Gardi requests that this Court modify the Second Amended Restitution Order to prioritize his approximately $6.3 million restitution claim over that of the other victims.

        This Court has discretion to "provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim." 18 U.S.C. § 3664(h)(1). Below is a summary of the "type and amount of each victim's loss" in this case:

        1) The following are clients of Dreier LLP who had funds in an escrow account at Dreier LLP that Marc Dreier stole. These funds were either the proceeds of settlements achieved by Dreier LLP on behalf of the client or had been placed into escrow in connection with a business transaction that the client was pursuing, and on which Dreier LLP represented the client:

A) Alletta Bayer, $94,653.00

B) Lion Button, $1,650,000.00

C) Paul Gardi, $6,349,093.00

D) Creditors of 360 Networks, $38,596,354.56

E) Countertech Investigations, $33,280.00

F) Nike, $243,124.32

G) Gino Green, Inc., $18,192.00

H) Nautica Rail USA, $1,774.84

I) GTFM, LLC, $4,722.38

J) Nautica Apparel, $4,965.06

K) Tommy Hilfiger, USA Inc., $3,826.71

L) COOGI Partners, $47,650.00

M) Diesel, USA, $4,331.90

N) adidas America, Inc., $6,258.33

O) Rock & Republic Enterprises, $4,999.14

P) I.C. Isaacs & Co., $1,500.00

Q) Ms. Rochelle Gores, $520,000.00

2) The following are entities or individuals who wired funds into an escrow account at Dreier LLP on the basis of Dreier's false representation that those funds would be used to purchase promissory notes. Dreier falsely claimed to these victims that Drier LLP represented the issuer in the sale of those notes. In two instances, as noted below, the victim is not an institutional investor and was itself also a client of Dreier:

A) Concordia Advisors, $22,297,222.33

B) Elliot Associates/Heathfield, $99,850,000.00

C) Eton Park, $71,345,223.48

D) Fortress, $84,430,895.56

E) Meyer Venture Partners (a family run investment partnership and former client of Dreier), $13,378,333.34

F) Perella Weinberg, $35,752,159.04

G) Philip Marks (an individual and former client of Dreier), $807,394.00.

With respect to "the economic circumstances of each victim," 18 U.S.C. § 3664(h)(1), the Government does not have any information to provide the Court.

As the Government stated at the status conference in this matter on January 12, 2010, this Court should not modify the Second Amended Restitution Order at this time. First, in order to do so fairly, the Court would need to reopen the restitution proceeding and allow each victim to provide detailed information about "the economic circumstance of each victim," since that is a factor to be considered under the statute. Second, if the Court considered it relevant, the Court may also need to allow each victim to provide additional details about the exact manner in which they were victimized. Third, it is not clear from the available facts that any one victim or group of victims is more deserving of restitution than any other victim or group based on the manner in which Dreier stole their funds. Fourth, given that the Government will likely only recover a fraction of the total losses through the forfeiture process, prioritizing one victim or group of victims may result in little or no recovery by other victims.

And finally, 18 U.S.C. § 3664(d)(5) clearly contemplates that restitution should be determined as soon as practicable after sentencing. It provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

Because Gardi is not asking for the inclusion of "further losses" in the restitution order, this provision does not precisely apply to his application. Nonetheless, the Government submits it should inform this Court's analysis. Indeed, Gardi has not explained why he did not make his application more than six months ago in July 2009, when Dreier was initially sentenced and the first restitution order was entered in this matter, or at least by September 29, 2009, when the Second Amended Restitution Order was entered.[1]

---

[1] Various victims did come forward with losses that they discovered after the entry of the original restitution order, and, within 60 days of discovery, the restitution order was amended to include those losses.

## **CONCLUSION**

For the foregoing reasons, the Government submits that Paul Gardi's Motion to Modify the Second Amended Restitution Order should be denied.

Dated: January 22, 2010
      New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

By:                /s/
                              Jonathan R. Streeter
                              Sharon Cohen Levin
                              Anna E. Arreola
                              Jeffrey E. Alberts
                              Assistant United States Attorneys
                              (212) 637-2272/1060/2218/1038