UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,          :
                                   :
        -v-                        :   09 Cr. 085 (JSR)
                                   :
MARC DREIER,                       :   MEMORANDUM ORDER
                                   :
                Defendant.         :
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-24-10

JED S. RAKOFF, U.S.D.J.

Pending before the Court is a petition filed by the representative of the debtors' estates in the Chapter 11 bankruptcy cases of 360networks (USA) Inc. and its affiliates. This petition, filed pursuant to 21 U.S.C. § 853(n), seeks the adjudication of the validity of the interests of these estates (the "360 Estates") in certain assets subject to the Preliminary Order of Forfeiture entered in this case on July 13, 2009. On January 19, 2010, the Government moved to dismiss the petition. Having carefully considered the parties' written submissions made in connection with the Government's motion, the Court grants the motion and dismisses the petition for the reasons that follow.

The 360 Estates' petition asserts interests in certain forfeited properties by virtue of a constructive trust that arose from defendant Marc Dreier's wrongdoing in connection with the following circumstances: The Official Committee of Unsecured Creditors for the 360networks Chapter 11 cases (the "Committee") retained Dreier's law firm, Dreier LLP, to pursue preference actions for the benefit of the 360 Estates. Between October 2007 and November 2008, Dreier stole and converted over $50 million of

preference recovery funds that were held in trust for the Committee, at which time a constructive trust over these funds was established for the Estates' benefit. 360 Estates' Verified Petition for Adjudication of Interest Pursuant to 21 U.S.C. § 853(n)(3) (dated 9/14/09) ¶¶ 8, 11-12. According to the allegations in the petition, Dreier's purchases of various artworks listed on the Preliminary Order of Forfeiture are traceable in whole or in part to these preference recoveries, thereby giving the 360 Estates a superior interest in these properties and exempting them from the forfeiture order. Id. ¶¶ 13-35. Furthermore, the petition asserts that the 360 Estates' interest in these artworks is greater than that claimed by Heathfield Capital Limited as successor to certain affiliates that were parties to a security agreement with Dreier purporting to give them a first priority security interest in the same forfeited artworks now claimed by the 360 Estates. Id. ¶¶ 36-40.

The Government moves to dismiss the 360 Estates' petition on several grounds, including that the funds used to purchase the disputed artworks cannot in all circumstances be traced to the preference recoveries; that the imposition of a constructive trust for the 360 Estates' benefit would be inequitable under the circumstances; and that the equitable remedy of a constructive trust is precluded by the existence of an adequate remedy at law: namely, the victim restoration process under the authority of the Attorney General, which will entail the pro rata distribution of forfeited property to Dreier's victims in accordance with the amounts of their

2

losses. The 360 Estates respond that under the facts alleged, equity favors the imposition of a constructive trust; that the Government's tracing analysis cannot be considered in the context of a motion to dismiss; and that the "remedy" of pro rata victim restoration is hardly one that will make the 360 Estates whole.

In considering the instant motion to dismiss a petition to adjudicate a third party's interest in forfeited property, the Court applies the same pleading standards governing motions to dismiss civil complaints. Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004). In particular, "the facts set forth in the petition are assumed to be true" for purposes of this motion. Fed. R. Crim. P. 32.2(c)(1)(A). While petitions challenging forfeiture orders must be dismissed for lack of standing if the third party is nothing more than a general creditor of the defendant, well-pleaded allegations that a constructive trust exists over specific forfeited assets for the petitioner's benefit can give rise to a sufficient "legal interest in property" to sustain a petition. See United States v. Lesak, 2009 WL 1788411, at *5-6 (S.D.N.Y. June 23, 2009).

Under here-applicable New York law, a party seeking a constructive trust must prove the existence of four elements: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment." In re Ades & Berg Group Inv., 550 F.3d 240, 245 (2d Cir. 2008). As to the fourth element, "[w]hether a party is unjustly enriched is a legal conclusion." In re First Cent. Fin.

3

Corp., 377 F.3d 209, 213 (2d Cir. 2004). "[E]quity and good conscience" are "the fundamental requirement[s] for imposition of a constructive trust" under New York law. Ades & Berg Group Inv., 550 F.3d at 245 (quoting In re N.Y. Agency of Bank of Commerce & Credit Int'l S.A., 683 N.E.2d 756, 763 (N.Y. 1997)).

Courts in this Circuit have repeatedly noted that constructive trusts are disfavored in the bankruptcy context, where this remedy, by removing valuable property from the bankruptcy estate, diminishes the recoveries of the debtor's unsecured creditors. See, e.g., In re Flanagan, 503 F.3d 171, 182 (2d Cir. 2007) (observing that "the debtor's general creditors," rather than the debtor itself, "bear[] the burden of a constructive trust of bankruptcy," and that "[t]his type of privileging of one unsecured claim over another clearly thwarts the principle of ratable distribution underlying the Bankruptcy Code"). Analogous considerations counsel against imposing a constructive trust over forfeited property for the benefit of certain petitioning crime victims where, as here, doing so would harm other crime victims also seeking to recover from the same limited pool of forfeited assets. See, e.g., United States v. Andrews, 530 F.3d 1232, 1237-39 (10th Cir. 2008).

For similar reasons, this Court denied a victim's motion to modify the Second Amended Restitution Order entered in this case on September 29, 2009, which provides a scheme of pro rata distribution in accordance with the victims' loss amounts, in order to take account of the circumstances particular to that victim's loss. In

4

its Memorandum Order dated February 5, 2010, the Court noted that even though certain distinctions might exist between Dreier's so-called "note fraud" victims (who invested in Dreier's fictitious promissory notes) and the "client" victims (from whom Dreier stole funds entrusted to him as their lawyer), these differences do not support deviation from the basic principle of equal distribution for all victims. To grant a constructive trust in favor of the 360 Estates would be unfair both to the other client victims, whose funds were likewise stolen in connection with a fiduciary relationship, and to the note fraud victims, a category that includes not only the gulled hedge funds themselves but also, indirectly, the numerous individuals and institutions whose monies these funds managed.

For the foregoing reasons, the Court holds that under the facts here alleged, equity and good conscience are not compatible with the recognition of a constructive trust in the 360 Estates' favor. Because the Court reaches this determination as a matter of law, the Government's motion to dismiss this petition is hereby granted.

The Clerk of the Court is directed to close the entries numbered 91 and 116 on the docket of this case.

SO ORDERED.

Dated: New York, NY
March 22, 2010

JED S. RAKOFF, U.S.D.J.

5