UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>-Against-<br><br>**MARC DREIER,**<br><br>*Defendant.* | Case No. **09-cr-085 (JSR)**<br><br>**CORRECTED<br>NOTICE OF APPEARANCE** |

**CORRECTED NOTICE OF APPEARANCE AND REQUEST
FOR COPIES OF ALL ORDERS, NOTICES AND PLEADINGS**

**PLEASE TAKE NOTICE** that The Relkin Law Firm, by David H. Relkin, Esq., hereby appears as counsel for whistleblower[1] Steven ("Laser") Haas and Collateral Logistics, Inc. ("CLI"), where CLI was the Court-approved liquidation consultant in the eToys, Inc., Bankruptcy Case,[2] ("eToys"); wherein Laser informed the Court, and the United States Trustee's motion[3] to disgorge (the "Disgorge Motion") corroborated issues of bankruptcy fraud and intentional fraud on the court by Paul Traub's law firm of Traub Bonacquist & Fox ("TBF")[4], and an Order was entered disgorging fees from TBF, after some of TBF's admitted, deliberate failures to disclose conflicts of interests resulted in sanctions against TBF. (See *Published* Opinion on the matter, dated October 4, 2005.)[5]

---

[1] This use of the word "whistleblower" is not intended to suggest or represent that either Laser or CLI has filed or made any statements pursuant to a "Whistleblower" statute; rather, the intent of this term is to file this Notice of Appearance under **18 USC §4 (MisPrision of a Felony)**, in that Laser and CLI have "knowledge of the actual commission of a felony cognizable by a court of the United States," and are required to report the many crimes that are enterprisingly continuous.
[2] Delaware Bankruptcy collective case number 01-BR-706, (commenced on March 7, 2001 and closed on January 7, 2015)
[3] http://petters-fraud.com/DisgorgeMotion_TBF_1_6_Million.pdf
[4] Paul Traub was the founder and Managing Member of TBF, and counsel to the Unsecured Creditors Committee.
[5] http://www.deb.uscourts.gov/sites/default/files/opinions/judge-mary-f.walrath/etoysmnatfees.pdf Inexplicably, TBF was not properly disqualified and such abuse of discretion permitted Traub to be partners with Marc Dreier and Tom Petters' Ponzi simultaneously, which resulted in further victimization. 331 B.R. 176 (Bank. Ct. DE. 2005).

[1]

THAT, FURTHERMORE, *upon information and belief*, Paul Traub was a partner in the Tom Petters Ponzi,[6] and simultaneously a partner of Dreier LLP, making this an appropriate Case to submit this Notice of Appearance to bring to this Court's attention the bad faith conduct of others, along with Paul Traub, as the TBF firm was acquired by Dreier, LLP, and there appears to be ongoing troubling matters of *enterprising* misfeasance and malfeasance, where Paul Traub and associated parties appear to have intentionally secreted possibly tens of millions of dollars in assets from the Dreier Ponzi victims. This includes, *inter alia*, the New York Supreme Court case[7][8] of eToys.com (renamed EBC1) verses Goldman Sachs, handled by Paul Traub, TBF, Dreier LLP and collusively settled by Paul Traub; and

**PLEASE TAKE FURTHER NOTICE** that all notices given or required to be given in connection with these matters, pleadings, notices of appearance, correspondence and such other notice as may be required by law, are to be served upon the undersigned attorney, at the address set forth below:

**David H. Relkin (DHR-1049)**
The Relkin Law Firm
*Counsel to* Steven "Laser" Haas and
Collateral Logistics, Inc.

15 Stewart Place-Ste. 12D
White Plains, New York 10603
*David@Relkinlaw.com*
212.244.8722

---

[6] http://petters-fraud.com/June2012_DKelley_PaulTraub_Complaint_Lawsuit_PettersFraud.pdf
[7] eToys was renamed "EBC I, Inc." upon the confirmation of the Plan of Liquidation.
[8] eToys was forced into Bankruptcy shortly after the breaches of fiduciary duty and other felonious actions of Paul Traub and other Professional Persons for the benefit of Bain Capital and Goldman, Sachs & Co., to the detriment of Paul Traub's/ TBF and other firms' court approved clients. Whereas Goldman Sachs was the 1999 managing underwriter of eToys IPO. See EBC I, Inc. f/k/a eToys, Inc. v. Goldman, Sachs & Co., 5 NY3d 11, 22, 799 NYS2d 170 (2005) (the "Goldman Sachs action") that Goldman Sachs knew eToys stock would hit $80; but only provided less than $20 to eToys.com.

[2]